**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____x

BRIAN JACKSON, individually and on behalf      CASE NO.:
of all others similarly situated,

                Plaintiffs,

      _vs._                    **CLASS ACTION**

FIRSTSOURCE ADVANTAGE, LLC, a New      **COMPLAINT FOR VIOLATIONS OF**
York Limited Liability Company; and JOHN      **THE FAIR DEBT COLLECTION**
and JANE DOES,                  **PRACTICES ACT**

                Defendants.      **DEMAND FOR JURY TRIAL**

_____x

## I. PRELIMINARY STATEMENT

1.      Plaintiff, BRIAN JACKSON ("JACKSON"), individually and on behalf of all

others similarly situated, brings this action for the illegal practices of Defendants,

FIRSTSOURCE ADVANTAGE, LLC ("FIRSTSOURCE"), and JOHN and JANE DOES

(collectively, "Defendants") who, _inter alia_, used false, deceptive, and misleading practices, and

other illegal practices, in connection with their attempts to collect an alleged debt from Plaintiff

and other similarly situated consumers.

2.      Plaintiff alleges that Defendants' collection practices violate the Fair Debt

Collection Practices Act (FDCPA), 15 U.S.C. § 1692, _et seq_.

3.      Such collection practices include, _inter alia_, sending consumers written

communications in an attempt to collect debts, which falsely imply the consumers' alleged

defaulted and charged-off credit debts are continuing to accrue daily interest, late charges, and

other charges.

4.      The FDCPA regulates the behavior of collection agencies attempting to collect a

debt on behalf of another. The U.S. Congress, finding evidence of the use of abusive, deceptive,

and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7.      The FDCPA at 15 U.S.C. § 1692g, requires a debt collector provide written notice containing certain information. 15 U.S.C. § 1692g(a)(1)-(5). Among this required information is the amount of the debt, 15 U.S.C. § 1692g(a)(1).

8.      Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, declaratory relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or

statutory regimes.

## II. PARTIES

9.     JACKSON is a natural person.

10.     At all times relevant to this lawsuit, JACKSON is a citizen of, and resides in Nassau County, New York.

11.     At all times relevant to this complaint, FIRSTSOURCE was a limited liability company existing pursuant to the laws of the State of New York.

12.     FIRSTSOURCE maintains its principal business address at 205 Bryant Woods South, Town of Amherst, Erie County, New York. Its registered agent for service in New York is CT Corporation, 111 8th Avenue, New York, NY 10011.

13.     Defendants, JOHN DOES, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

14.     Plaintiff is informed and believe, and on that basis allege, that Defendants, JOHN DOES, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw the violative policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by the other Defendants and, therefore, are personally liable for all the wrongdoing alleged in this Complaint.

## III. JURISDICTION & VENUE

15.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

16.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b)

because a substantial part of the events giving rise to JACKSON's claims occurred within this

federal judicial district, and because the Defendants are each subject to personal jurisdiction in

the State of New York at the time this action is commenced.

## IV. FACTS

17.    FIRSTSOURCE regularly engages in the collection of defaulted consumer debts.

18.    FIRSOURCE regularly collects or attempts to collect debts alleged to be owed

others.

19.    FIRSTSOURCE is a business the principal purpose of which is the collection of

defaulted consumer debts.

20.    In attempting to collect debts, FIRSTSOURCE uses the mails, telephone, the

internet, and other instruments of interstate commerce.

21.    FIRSTSOURCE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22.    On or about January 25, 2018, FIRSTSOURCE mailed a collection letter ("the

Letter") to JACKSON. A true and correct copy of the Letter is attached hereto as *Exhibit A*,

except that the undersigned counsel has partially redacted it.

23.    The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

24.    The Letter concerned a financial obligation, a credit card debt ("the Debt"),

allegedly owed to American Express.

25.    The Debt arose out of transactions in which the money, property, insurance, or

services which were the subject of the transactions were primarily for personal, family, or

household purposes.

26.    The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

27.    JACKSON was, at all times relevant to this lawsuit, a "consumer" as that term is

defined by 15 U.S.C. § 1692a(3).

28.     The Letter stated in relevant part:

> This agency has been retained by American Express(™?) to help collect your balance. As of the letter date above, you owe $950.58.
>
> In accordance with applicable law, please be advised of the following:
> Original Creditor: AMERICAN EXPRESS
> Total due as of charge-off: $980.58
> Total interest accrued since charge-off: $0.00
> Total non-interest charges or fees accrued since charge-off: $0.00
> Total payments since charge-off: $0.00
> Total adjustments since charge-off: $0.00

29.     Prior to receiving the Letter, Jackson believed that the Debt was increasing day-to-day due to the addition of interest, late charges, and other charges.

30.     The Letter indicates that the Debt had been charged-off.

31.     Creditors charge-off credit-card accounts in accordance with federal regulations that permit creditors to remove accounts which are in default from their financial records. *See* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days."). These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

32.     On information and belief, an account will go into default (*i.e.*, there has been a failure to make a timely payment in accordance with the terms of the debt) before it is charged-off. Thus, a charged-off debt is always in default but not all defaulted debts are charged-off.

33.     On information and belief, American Express does not intend to add and, as a matter of practice, does not add interest or other charges to the balance of its charged-off credit card accounts.

34.     On information and belief, American Express does not prepare and send monthly periodic billing statements on charged-off credit card accounts.

35.     ***Exhibit A*** is materially false, deceptive, and misleading because it falsely suggests to least sophisticated consumers that the amount of their debts will increase due to an undisclosed amount of interest and charges that vary from day to day.

36.     Such false implication arises from the totality of the Letter including, but not limited to, (A) stating the amount owed "as of the letter date above"; (B) itemizing "interest accrued since charge-off;  and (C) itemizing "non-interest charges and fees accrued since charge-off".

37.     The Letter is materially false, deceptive, and misleading to an unsophisticated consumer, who often has more debts to pay than money to pay them.

38.     A rational person with limited financial resources would, based on the Letter, choose to pay the Debt over an otherwise identical debt in which the debt collector did not falsely imply that the debt was dynamic and increasing day-to-day due to interest and other charges.

39.     FIRSTSOURCE's use of a form letter like the Letter—which falsely implies the Debt could increase—competitively disadvantages debt collectors who collect static debts without obscuring the fact the debts are static.

40.     The Letter does not clearly and unambiguously state the amount of the Debt.

41.     The Letter deprived JACKSON of truthful, non-misleading, information in connection with FIRSTSOURCE's attempt to collect a debt.

## VI. POLICIES AND PRACTICES COMPLAINED OF

42.     It is Defendants' policy and practice to engage in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), and 1692g(a)(1), by sending consumers letters, such as ***Exhibit A***, that falsely state the consumers' debts will continue to accrue interest, late charges, and other charges on a daily basis.

43.     On information and belief, the Letter was created by merging information specific to a debt and consumer with a template to create what is commonly called a "form letter."

44.     Consequently, on information and belief, FIRSTSOURCE  caused the same form collection letter to be mailed to others who, like JACKSON, reside in the State of New York.

## VII. CLASS ALLEGATIONS

45.     Plaintiff brings this claim on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

46.     The First Class consists of all persons to whom FIRSTSOURCE mailed a written communication in the form of *Exhibit A* on or after January 25, 2018 and on or before February 15, 2019, to an address in the State of New York, which sought to collect on a charged-off American Express credit card debt and the letter stated "As of the letter date above, you owe \$[amount]" and itemized post-charge-off interest charges and post-charge off "non-interest charges or fees".

47.     The identities of all class members are readily ascertainable from the records of FIRSTSOURCE and American Express.

48.     The Class claims include all claims the Class members may have for a violation of the FDCPA based on a letter from FIRSTSOURCE substantially in the same form as *Exhibit A*.

49.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical. On

information and belief FIRSTSOURCE's collection letters, in the form attached as *Exhibit A*, were each mailed to at least 50 natural persons in the State of New York.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual Class members. The principal issues are whether the FIRSTSOURCE's written communications to consumers, in the form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692g(a)(1).

(c) **Typicality:** Plaintiff's claims are typical of the claims of the Class members. Plaintiff and all members of the Classes have claims arising out of FIRSTSOURCE's uniform course of conduct complained of herein.

(d) **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has no interests that are adverse to the Class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

50.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil

Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

51.     Based on discovery and further investigation (including, but not limited to, FIRSTSOURCE's disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using a modified definition of the Class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definition but who were mailed a letter using substantially the same form or template as was used to create *Exhibit A*.

## VIII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

52.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

53.     Defendants violated the FDCPA. Defendants' violations with respect to *Exhibit A* include, but are not limited to, the following:

>    (a)     Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

>    (b)     Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

>    (c)     Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

>    (d)     Failing to provide the amount of the debt in violation of 15 U.S.C. §§ 1692e,

1692e(2)(A), and 1692g(a)(1).

## IX. PRAYER FOR RELIEF

54.     WHEREFORE, Plaintiff respectfully requests the Court enter judgment in their

favor and in favor of the Class as follows:

(a)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure including, but not limited to, defining the Class, the Class claims, appointing Plaintiff as the class representative, and the undersigned counsel to represent the Class;

(b)     An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(c)     An incentive award for Plaintiff, to be determined by the Court, for Plaintiff's services to the Class;

(d)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(e)     For such other and further relief as may be just and proper.

## X. JURY DEMAND

55.     Plaintiff hereby demands that this case be tried before a Jury.

DATED:     Uniondale, New York

January 25, 2019

*s/ Abraham Kleinman*

-10-

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile: (888) 522-1692
E-Mail: akleinman@kleinmanllc.com

*Attorney for Plaintiff, Brian Jackson*

# EXHIBIT A TO COMPLAINT

Statement Date: 01-25-18
Creditor: AMERICAN EXPRESS
Our Reference #: ▓▓▓▓▓▓
Creditor Account #: XXXXXXXXXX▓▓▓
Account Balance: $980.58



**firstsource**

Firstsource Advantage, LLC
205 Bryant Woods South, Amherst, NY 14228 ▪ 1-877-420-5095

## An opportunity to resolve your debt with American Express
### Call 1-877-420-5095

Dear Brian Jackson:

This agency has been retained by American Express® to help collect your balance. As of the letter date above, you owe $980.58.

In accordance with applicable law, please be advised of the following:
Original Creditor: AMERICAN EXPRESS
Total due as of charge-off: $980.58
Total interest accrued since charge-off: $0.00
Total non-interest charges or fees accrued since charge-off: $0.00
Total payments made since charge-off: $0.00
Total adjustments made since charge-off: $0.00

In the event you are unable to send the total amount due, American Express has various payment options that may be available to you. Please call us toll-free at 1-877-420-5095 so that we can work with you.

We hope that you will quickly address this matter. We are available Mon and Tues 8am-9pm, Wed – Fri 8am-8pm, Sat 8am-12pm Eastern Time.

This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. Upon your written request within the thirty-day period after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Firstsource Advantage, LLC
A Professional Debt Recovery Agency

New York City Department of Consumer Affairs License #1262554.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including, but not limited to:
(1) The use or threat of violence;
(2) The use of obscene or profane language; and
(3) Repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

| | | |
|---|---|---|
| 1. | Supplemental security income, (SSI); | 7. Workers' compensation benefits; |
| 2. | Social security; | 8. Public or private pensions; |
| 3. | Public assistance (welfare); | 9. Veterans' benefits; |
| 4. | Spousal support, maintenance (alimony) or child support; | 10. Federal student loans, federal student grants and federal work study funds; and |
| 5. | Unemployment benefits; | 11. Ninety percent of your wages or salary |
| 6. | Disability benefits; | earned in the last sixty days. |

☒ Send correspondence to: Firstsource Advantage, LLC, 205 Bryant Woods South, Amherst, NY 14228
🖨 For account information and payment options, you may access our website at www.fsapay.com



1 of 1

***Please Detach Lower Portion and Return with Your Payment***

852CZFRST02_N1CARE_812599899

Do not send correspondence to this address.

CZFRST02
PO Box 1022
Wixom MI 48393-1022
CHANGE SERVICE REQUESTED

01-25-18

[barcode]
BRIAN JACKSON
▓▓▓▓▓▓▓▓▓▓

| IF PAYING BY CREDIT CARD, FILL OUT BELOW. | | |
|---|---|---|
| ☐ VISA | ☐ | |
| CARD NUMBER | | EXPIRATION DATE |
| SIGNATURE | | PAYMENT DATE |
| ACCOUNT # | BALANCE DUE | AMOUNT PAID |
| ▓▓▓▓▓ | $980.58 | $ |

**Make Payment To:**
FIRSTSOURCE ADVANTAGE, LLC
PO BOX 628
BUFFALO NY 14240-0628
[barcode]

*IMPORTANT: To receive proper credit, be sure to enclose this portion with your payment*